**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. 17-645-1 |
| | : |
| vs. | : |
| | : |
| **JAMES WILLIAMS** | : HON. GENE E.K. PRATTER |

## O R D E R

**AND NOW**, this _____ day of _____, 2018, upon consideration of defendant James Williams' Motion to Suppress physical evidence seized from defendant's car, his statement, and his cell phone records obtained after his arrest, and the Government's response thereto, it is hereby **ORDERED** that the following items are **SUPPRESSED**:

1) all physical evidence seized from defendant's car on the date of defendant's arrest,

2) defendant's statement given by defendant on the date of defendant's arrest; and

3) defendant's cell phone records obtained after defendant's arrest.

BY THE COURT:

_____
**HON. GENE E.K. PRATTER**
**U.S. DISTRICT COURT JUDGE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 17-645-1 |
| vs. | : |
| JAMES WILLIAMS | : HON. GENE E.K. PRATTER |

**MOTION OF DEFENDANT JAMES WILLIAMS TO SUPPRESS ALL PHYSICAL EVIDENCE SEIZED FROM HIS CAR AFTER HIS ARREST, HIS STATEMENT GIVEN AFTER HIS ARREST AND HIS CELL PHONE RECORDS OBTAINED AFTER HIS ARREST**

Defendant James Williams, by his attorney, Margaret M. Grasso, Esquire, moves this Honorable Court for suppression of all physical evidence seized from his car on the day of his arrest, his statement made on the day of his arrest and his cell phone records obtained after his arrest, and in support thereof, avers as follows:

1. By indictment dated December 19, 2017, defendant James Williams has been charged with distribution of heroin (21 U.S.C. §841(a)(1)), possession with intent to distribute heroin (21 U.S. C. §841 (a)(1)), possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. §924(c)(1)) and felon in possession of a firearm (18 U.S. §922(g)).

2. The indictment stems from the Bensalem Township Police Department's arrest of defendant on July 18, 2017.

3. The government's discovery documents in summary allege:

    a. On July 18, 2017, a confidential informant (CI) met co-defendant Aisha Jones at a Wal-Mart and she offered to sell the CI heroine.

      b.      Thereafter, Bensalem police officers instructed the CI to contact Jones on the cell phone number she supplied and arrange for the purchase of heroine.

      c.      The CI arranged to meet Jones in the evening of July 18, 2017 in the Brookwood Shopping Center located at 1851 Street Road in Bensalem, PA.  The CI exchanged texted messages with Jones and spoke once to defendant, who inquired whether the CI was a police officer.

      d.      Bensalem police and the CI went to the shopping center for the CI to conduct the purchase of $200 worth of heroine.

      e.      At approximately 9:00 p.m., defendant James Williams arrived in the Brookwood Shopping Center, driving his Ford Mustang with Jones in the passenger seat and her eight-year-old son in the back seat.

      f.      With Bensalem police surveilling, the CI entered the Mustang, shortly thereafter exited the Mustang and then signaled to police that the purchase of narcotics had been made.

      g.      Bensalem police then took defendant and Jones into custody

      h.      Bensalem police searched the vehicle and found various items, detailed on Bensalem Police Department Inventory form, including marijuana, heroine, currency and a Ruger SR22.

      i.      The items were recovered from various locations in the vehicle, including the trunk, center console and glove box.

      j.      After being taken to the Bensalem police station and being Mirandized, defendant gave a statement to Bensalem police officers.

   k. Following defendant's arrest and a search of his vehicle, a search warrant was obtained for his cell phone records.

 4. Defendant was arrested without probable cause. An arrest must be supported by probable cause. *Carroll v. United States*, 267 U.S. 132 (1925).

 5. Because defendant was arrested without probable cause, the evidence obtained from his car and his cell phone must be suppressed as fruit of the poisoness tree. *Wong Sun v. U.S.* 371 U.S. 471 (1963).

 6. Defendant's car was searched without probable cause to believe the vehicle contained a seizable item. *Chambers v. Maroney*, 399 U.S. 42 (1970); *Carroll v. United States*, 267 U.S. 132 (1925).

 7. Because defendant was arrested without probable cause, his statement made after his arrested must be suppressed. "If a suspect is illegally seized in violation of his or her Fourth Amendment rights, and as a result of that seizure gives a statement, the statement is ordinarily inadmissible as the 'fruit of the poisonous tree.'" *Wong Sun v. U.S.* 371 U.S. 471 (1963); *Brown v. Illinois*, 422 U.S. 590 (1975)

 WHEREFORE, for all of the foregoing reasons, defendant James Williams respectfully moves this Honorable Court grant his Motion to Suppress all physical evidence seized from his car on the day of his arrest, his statement given on the day of his

arrest and his cell phone records obtained after his arrest.

                                    **Respectfully submitted,**

                                    **LAW OFFICE OF MARGARET M. GRASSO**

                **BY:**       */s/ Margaret M. Grasso*

                                      **MARGARET M. GRASSO, ESQUIRE**
                                      **Attorney for Defendant**

April 17, 2018

## CERTIFICATE OF SERVICE

I, Margaret M. Grasso, Esquire, certify that I have delivered a copy of defendant's Motion To Suppress to Assistant United States Attorney, Eric Henson, Esquire and by electronic mail.

                                        LAW OFFICE OF MARGARET M. GRASSO

**BY:** _/s/ Margaret M. Grasso_
                                        **MARGARET M. GRASSO, ESQUIRE**
                                        **Attorney for Defendant**

April 17, 2018